IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HI-VAC CORPORATION,
   *et al.*,

      Plaintiffs,

v.

DANIEL J. COLEY, *et al.*,

      Defendants.

Case No. 2:23-cv-4184
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion to Stay Discovery (ECF No. 126) filed by Defendant Curtis Coley. Plaintiffs have filed a Response (ECF No. 132), and Defendant Coley has filed a Reply. (ECF No. 133). For the following reasons, the Motion to Stay Discovery is **DENIED**.

### I.

In the Opinion and Order dated September 23, 2024, Chief Judge Morrison described the broad factual background of this case in the following way.

> Hi-Vac is engaged in the manufacturing, sale, and service of trucks and equipment used in the municipal, industrial, environmental cleaning, and vacuum excavation industries. (Compl., ¶¶ 3, 23.) From April 2015 to April 2022, Daniel Coley served as Hi-Vac's President. (*Id.*, ¶ 9.) However, during his tenure, Daniel "masterminded a scheme carried out by a team of then-current and former Hi-Vac employees and affiliated parties to subvert Hi-Vac's growth and reputation for their own personal benefit[.]" (*Id.*, ¶ 2.) Hi-Vac learned of the scheme in March 2022 when a junior accountant identified "several questionable transactions" in the company's accounting records upon Ms. Lipscomb's absence while on maternity leave. (*Id.*, ¶ 29.) Shortly thereafter, Hi-Vac and Alliance alerted law enforcement and initiated an internal investigation. (*Id.*, ¶¶ 31–32.) Their investigation lasted several months and led to the termination of Daniel and others …. (*Id.*, ¶ 32.)

(ECF No. 104 at 2.)

> She also summarized more specifically the claims against Defendant Curtis Coley:
>
> In May 2019, Daniel had retained his brother, Curtis, as an "independent agent" to represent Hi-Vac in transactions with Carylon Corporation of Companies. (Compl., ¶ 126.) In exchange, Curtis was to receive a fee based on the profits from the sales to Carylon, and he executed an Independent Consulting and Service Agent Agreement under which he would be paid certain commissions and advances. (*Id*., ¶¶ 127–29; ECF No. 1-7.) Additionally, from January 2020 until his termination in April 2022, Curtis served as Hi-Vac's Director of Commercial Sales. (*Id*., ¶ 14.)
>
> The Complaint asserted seven claims against Curtis stemming from $42,000 of allegedly unpaid advances that Hi-Vac disbursed to him under the consulting agreement. (Compl., ¶¶ 126, 129, 156–217, 264–75.) Plaintiffs alleged that during the time Curtis was supposed to be transacting with Carylon on Hi-Vac's behalf, Hi-Vac did not do any business or make any sales to Carylon or any of its affiliates. (*Id*., ¶¶ 130–31.) Despite this, the $42,000 was never reconciled or clawed back from Curtis. (*Id*., ¶ 32.)

(*Id*. at 28-29.)

Ultimately, Chief Judge Morrison dismissed Alliance's claims against Defendant Curtis Coley for state and federal RICO violations, fraud, conversion, breach of contract, unjust enrichment, and theft (Counts I, II, III, IX, X, XI, and XIV); and Hi-Vac's claims against him for state and federal RICO violations (Counts I and II). She denied his Motion to Dismiss with respect to: Hi-Vac's claims for fraud, conversion, breach of contract, unjust enrichment, and theft (Counts III, IX, X, XI, and XIV). (*Id.* at 33-34.)

On April 9, 2025, Defendant Curtis Coley filed a Motion to Dismiss for lack of subject matter jurisdiction, contending that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims against him. (ECF No. 123.) According to Defendant Coley, those state law claims are not derived from the same "common nucleus of operative facts" as any federal claims. (*Id.* at 7.) That dispositive motion is fully briefed. (ECF Nos. 127, 128.) On April 30, 2025, Coley filed his current Motion seeking to stay discovery. (ECF No. 126.)

2

Through his current Motion, Defendant Coley broadly seeks a stay of "any further discovery related directly to him" (ECF No. 126 at 2), pending resolution of his dispositive motion. As support, in part, Defendant Coley offers only a cursory reference to "massive written discovery demands." (*Id.* at 3.) The primary focus of the Motion appears to be his scheduled deposition,[1] which he claims will shed no light on the issues raised in the dispositive motion. Further, he claims, although without evidentiary support, that requiring him to attend a deposition will result in a "terrific burden" given his "serious and debilitating health complications." (*Id*. at 3, 4.)

In response, Plaintiffs argue that the Motion should be summarily denied for Defendant Coley's failure to meet and confer as previously directed by the Court with respect to any discovery motions. Beyond this, they claim that the jurisdictional issues raised in Defendant Coley's dispositive motion are far from clear-cut. Further, they assert that Defendant Coley's alleged burden will not be lessened by a discovery stay for two reasons. First, were his dispositive motion granted, he would remain an invaluable fact witness in this action. Further, his deposition will be taken whether in this Court, or as Mr. Coley suggests, in state court. Finally, they contend that they would be prejudiced by a delay in the resolution of their claims.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). District courts have broad discretion to stay discovery. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005).

---

[1] According to the Notice attached to Defendant Coley's Motion, the deposition was scheduled for May 21, 2025, at 10:00 a.m. (ECF No. 126-1.)

"The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citation omitted).  As is the case here, parties routinely move to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) ("This Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss...."). But "as a general rule, this [c]ourt is not inclined to stay discovery while a motion to dismiss is pending...." *Id.*

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).  The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

As noted, in exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion).  Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety

4

Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). "At bottom, 'a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings.'" *Anderson v. Catalina Structured Funding, Inc.,* No. 1:21-CV-197, 2021 WL 9000112, at *2 (W.D. Mich. July 1, 2021) (quoting *Romar Sales Corp. v. Seddon*, No. 1:12-cv-838, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013)).

### III.

The Court concludes that Defendant Coley has failed to demonstrate that a stay of discovery is warranted here.

First, as Plaintiffs rightly note, the Court's previous Opinion and Order dated January 24, 2025, directed the parties to meet and confer as to any discovery matter or face summary denial of any discovery motion. (ECF No. 117 at 2.) Defendant Coley does not challenge Plaintiffs' representation that he did not attempt to meet and confer with respect to the Motion to Stay or their representation that they were willing to consider reasonable accommodations due to his

health condition.  The Court agrees that, under the circumstances of this case, Defendant Coley's failure to meet and confer is a sufficient basis for denying the current motion.

Alternatively, and importantly, the pendency of Defendant Coley's motion to dismiss asserting this Court's lack of subject matter jurisdiction also does not weigh in favor of granting a stay.  This Court frequently has denied stays of discovery in the face of motions to dismiss for lack of subject matter jurisdiction.  *Ohio ex rel. Yost v. Ascent Health Servs. LLC,* No. 2:23-CV-1450, 2023 WL 4836950, at *3 (S.D. Ohio July 28, 2023) (citing cases).  In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020).  Without expressing any opinion as to the merits of Defendant's dispositive motion, a brief overview of the parties' briefing reveals that the situation here is more accurately viewed as fairly debatable under the circumstances.

Beyond this, Defendant Coley has failed to identify with any specificity, the "massive" written discovery propounded by Plaintiffs.  Significantly, he also has failed to substantiate his claim that being deposed will be so burdensome as to warrant a stay.  And, notably, Defendant has done nothing to demonstrate that a stay of discovery will be of no consequence to Plaintiffs.  All in all, Defendant Coley's argument as to these factors, and his failure to develop the record, do not weigh in favor of a stay.

### IV.

For the reasons set forth above, the Motion to Stay Discovery is **DENIED.**  (ECF No. 126.)  The parties, however, are **DIRECTED** to meet and confer as to reasonable

accommodations for Defendant Coley's health situation prior to the re-scheduling of his deposition.

    **IT IS SO ORDERED.**

Date: July 15, 2025            /s/ *Elizabeth A. Preston Deavers*
                                                           ELIZABETH A. PRESTON DEAVERS
                                                           UNITED STATES MAGISTRATE JUDGE