UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HI-VAC CORPORATION, *et al.*,

        Plaintiffs,

   v.

DANIEL COLEY, *et al.*,

        Defendants.

:

Case No. 2:23-cv-4184
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth A. Preston Deavers**

**OPINION AND ORDER**

Hi-Vac Corporation[1] brought this action against Curtis Coley, six former Hi-Vac employees, and two limited liability companies. Now before the Court is Curtis's Motion to Dismiss under Federal Rule 12(b)(1). (Mot., ECF No. 123.) For the reasons below, the Motion is **DENIED**.

**I.    ALLEGATIONS IN THE COMPLAINT**

When considering a motion to dismiss, the Court construes the factual allegations in the light most favorable to the plaintiff. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

Hi-Vac is engaged in the manufacturing, sale, and service of trucks and equipment used in the municipal, industrial, environmental cleaning, and vacuum excavation industries. (Compl., ECF No. 1, ¶ 23.) It alleges that its former

---

[1] The second Plaintiff in this action, Alliance Industries, Inc., had its claims against Curtis dismissed by the Court's September 2024 Order. (ECF No. 104.)

President, Daniel Coley, orchestrated a scheme to divert company funds and business opportunities away from Hi-Vac and its employees. (*Id.*, ¶ 33.) The scheme went undetected for years until a junior accountant discovered some questionable transactions in March 2022. Following an internal investigation, the employees that were involved in Daniel's scheme were terminated between April and May 2022. (*Id.*, ¶ 41.)

In May 2019, Daniel decided to "make looting Hi-Vac a family enterprise" by retaining his brother Curtis to benefit from the conspiracy. (*Id.*, ¶ 126.) Curtis and Hi-Vac entered into a Consulting Agreement for Curtis to represent it in transactions with the Carylon Corporation of Companies. (*Id.*) Daniel signed the contract on behalf of Hi-Vac. (ECF No. 1-7, PAGEID # 116.)

Under the Consulting Agreement, Curtis was responsible for customer acquisition, promotion of sewer cleaning technology and accessories, and solicitation of orders for Hi-Vac's products. (Compl., ¶ 127.) Curtis was to be paid 30 percent of any net profits resulting from a deal with Carylon. (*Id.*, ¶ 128.) In addition, he was to receive monthly advances of $6,000, and the advances were to be reconciled at the end of the year. (*Id.*)

Between May and December 2019, Hi-Vac paid Curtis $42,000 in advances. (*Id.*, ¶ 129.) But even though Hi-Vac never completed any sales transactions with Carylon during that time, Curtis's advances were neither reconciled nor returned to Hi-Vac. (*Id.*, ¶¶ 130–132.) In Hi-Vac's view, Curtis's conduct in collecting monthly

advances without producing any sales between Hi-Vac and Carylon was one of several examples of the greater conspiracy led by Daniel. (Compl., ¶ 157.)

## II. PROCEDURAL BACKGROUND

Hi-Vac asserted seven claims against Curtis:

- Count I – Violation of RICO;
- Count II – Violation of the Ohio Corrupt Practices Act;
- Count III – Common Law Fraud;
- Count IX – Conversion;
- Count X – Breach of Contract;
- Count XI – Unjust Enrichment; and
- Count XIV – Theft under Ohio law.

Curtis previously filed a Motion to Dismiss under Federal Rule 12(b)(6), which the Court granted in part, dismissing Hi-Vac's federal claim against him. (ECF No. 104.) Now, Curtis seeks dismissal of the remaining state law claims based on lack of subject matter jurisdiction. (Mot.)

## III. MOTION TO DISMISS

### A. Standard of Review

Federal Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Motions to dismiss for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In this case, Curtis argues that the Court lacks subject matter jurisdiction under either a facial or factual attack. (Mot., PAGE ID #1290.) Because he does not dispute any specific facts alleged in the complaint, the Court will treat his motion as a facial attack on subject-matter jurisdiction. *Graber v. Metro. Life Ins. Co.*, 855 F. Supp.2d 673, 676 (N.D. Ohio 2012).

3

A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," so the court must "take the allegations [of] the complaint as true." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). To survive, the complaint need only provide a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). "A facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss." *Hartman v. Acton*, 499 F. Supp. 3d 523, 528 (S.D. Ohio 2020) (Marbley, J.) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

Federal courts are "courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Supplemental jurisdiction exists when three prerequisites are satisfied: (1) "the federal claim has substance sufficient to confer subject matter jurisdiction on the court;[2] (2) the state and federal claims derive from a common nucleus of operative fact; and (3) the claims are such that the plaintiff would ordinarily be

---

[2] The parties do not dispute that the federal claims in this case have substance sufficient to confer subject matter jurisdiction. *Holt v. Ross Cty. Sheriff's Office*, No. 2:10-CV-9, 2010 WL 11629632, at *3 (S.D. Ohio Aug. 3, 2010) (Marbley, J.)

4

expected to try them in one judicial proceeding." *Fox v. Brown Mem. Home, Inc.*, 761 F.Supp.2d 718, 722 (S.D. Ohio 2011) (Sargus, J.) (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)). When a district court has dismissed all claims over which it had original jurisdiction, its decision to retain supplemental jurisdiction over remaining state-law claims is "purely discretionary." *Id.* at 722–23.

### B. Analysis

Curtis argues that the Court should decline to exercise supplemental jurisdiction based on three grounds: (1) the claims do not arise from a common nucleus of operative fact; (2) they would not ordinarily be expected to be tried in the same judicial proceeding; and (3) considerations of judicial economy and multiplicity of litigation do not support retaining jurisdiction. (Mot.) The Court disagrees.

#### 1. Common Nucleus of Operative Fact

Federal courts are granted supplemental jurisdiction over state-law claims that are part of the same case or controversy as the federal claims. 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact[s]." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454–55 (6th Cir. 1996). Thus, courts consider whether the claims "revolve around a central fact pattern." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *White v. County of Newberry*, 985 F.2d 168, 172 (4th Cir. 1993)). Claims do not derive from a common nucleus of operative fact where the connection between them exists only in a "broad or causal sense," and resolution of each claim

requires inquiry into "completely separate and distinct" sets of facts. *Slaughter v. Regional Acceptance Corp.*, No. 2:19-CV-1847, 2020 WL 7342898, at *3 (S.D. Ohio Dec. 14, 2020) (Marbley, J.).

The remaining state-law claims against Curtis are derived from a common nucleus of operative fact as the federal claims. Curtis is a defendant based on the advance payments he received under his Consulting Agreement with Hi-Vac. His brother Daniel is alleged to have orchestrated the Consulting Agreement and federal law claims remain against Daniel. This incident is relevant to the alleged overall conspiracy: diverting company funds and business opportunities away from Hi-Vac for personal gain. Because the allegations against Curtis share a central fact pattern with the federal RICO scheme involving Daniel, the claims stem from a common nucleus of operative facts.

## 2. Claims Expected to Be Tried in the Same Judicial Proceeding

In determining whether to exercise supplemental jurisdiction, courts consider whether the claims are ordinarily expected to be tried in one judicial proceeding. *Holt*, 2010 WL 11629632, at *3 (because the plaintiff's claims involved overlapping questions of causation and shared evidence, the court found that the federal and state claims would ordinarily be tried in one proceeding.)

The state-law claims against Curtis are expected to be resolved in the same judicial proceeding as the federal claims. Though the Court determined in its September 2024 Order (ECF No. 104) that Curtis is not implicated in the alleged RICO enterprise, there are overlapping questions of causation and/or shared

6

evidence based on Daniel's involvement in the Consulting Agreement that require a joint resolution. Particularly when the events for the claims against Curtis took place at or around the same time as the other alleged events supporting Hi-Vac's RICO claim.

### 3. Consideration of Judicial Economy

The Sixth Circuit applies "a strong presumption in favor of dismissing supplemental claims" after the federal claims have been dismissed under Federal Rule 12(b)(6). *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). The decision to exercise supplemental jurisdiction is discretionary and guided by considerations of "judicial economy, convenience, fairness, and comity." *Id.* at 1254.

Dismissal will result in multiplicity of litigation. The Court finds that exercising supplemental jurisdiction would serve judicial economy, convenience, or comity.

## IV. CONCLUSION

For the reasons set forth above, Curtis's Motion to Dismiss (ECF No. 123) is **DENIED**.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**